CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
STEVE W. MYHRE
Nevada Bar Number 9635
CHRISTOPHER BURTON
Nevada Bar Number 12940
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Steve.Myhre@usdoj.gov
Christopher.burton4@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00322-JAD-EJY |
| Plaintiff, | |
| vs. | **STIPULATION FOR A PROTECTIVE ORDER** |
| ANTONETTE HARRIS, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Steve W. Myhre and Christopher Burton; defendant Antonette Harris, by and through her counsel, Richard Wright, Esq., for the reasons set forth below, hereby stipulate, agree, and request that the Court enter a protective order in this case restricting the use and dissemination of personal identifying information of third parties pursuant to Federal Rule of Criminal Procedure 16(d)(1).

1.  The grand jury returned an indictment in this case on December 21, 2021. The indictment arises out of an alleged scheme to defraud Medicaid carried out by the defendant. The allegations include the defendant's use of personal identifying information

belonging to purported Medicaid beneficiaries as well as individual providers to submit fraudulent claims to Medicaid for services that were never actually rendered.

2. Defendant made an initial appearance in this district on January 5, 2022. The defendant is released on bond pending trial. Trial is currently set for March 7, 2022.

3. As part of its investigation in the above-captioned case, the government is in possession of documents related to the charges against defendant, and seeks to provide those documents to counsel for defendant (although some of the materials may exceed the scope of the government's discovery obligations).

4. The government intends to produce to the "defense team" (defined below) for defendant, materials containing Personal Identifying Information ("PII") of real persons, including, among other things, personal names, addresses, telephone numbers, Social Security numbers, and bank account numbers. The purpose of the proposed protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing PII of third parties. If this information is disclosed without limitation, it will risk the privacy and security of third parties whose PII is contained in the discovery.

5. PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all PII from the discovery, the discovery would be difficult to understand, and defense counsel would not be able to adequately evaluate the case, advise their clients, or prepare for trial. In addition, the discovery in this case is voluminous, making it impractical to redact all PII from the discovery.

6. The parties recognize that the materials containing PII that the government produces to the defense pursuant to the proposed protective order are solely for the use of

defendant, her attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case.

7. Accordingly, the parties jointly request a protective order that will permit the government to produce discovery that is unredacted, but preserves the privacy and security of third parties.

8. The parties agree that the following conditions, if ordered by the Court in the proposed protective order (the "Protective Order"), will serve the government's interest in maintaining the privacy and security of third parties, while permitting the defense to understand the government's evidence against the defendant:

    a. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or other personal identification number. The term "Protected Information" refers to materials containing PII (with the exception of defendant's own PII) that the government produces pursuant to the Protective Order.

    b. For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) defense investigators who are assisting defense counsel with this case, (3) retained experts or potential experts, (4) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case, and (5) defendant. The term "defense team" does not include defendant's family members or any other associates of defendant.

    c. Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the

Protective Order, prior to providing members of their defense team with access to any materials subject to the Protective Order.

   d. The government is authorized to provide defendant's counsel of record with Protected Information marked, either physically or electronically: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

   e. Anyone not on the defense team as defined above may review Protected Information in this case only in the presence of a member of the defense team. Those not on the defense team may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time. Those not on the defense team must return any Protected Information to the defense team at the conclusion of any meeting at which they are permitted to view the Protected Information. Those not on the defense team may not write down or memorialize any PII contained in the Protected Information. At the conclusion of any meeting with a person not on the defense team in which Protected Information is provided, the member(s) of the defense team present shall take with him or her all Protected Information.

   f. The defense team shall not permit anyone other than the defense team to have possession of Protected Information.

   g. The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review Protected Information with a witness or potential witness in this case. Before being shown any portion of the Protected Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective

Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

      h.      The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members above to see Protected Information other than as described in paragraph 8(e) of this stipulation, (2) not divulging to anyone the contents of Protected Information other than as described in paragraph 8(g) of this stipulation, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

      i.      To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information, respectively, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

      j.      The defense team shall use Protected Information and materials otherwise identified as containing PII only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Protected Information, materials otherwise identified as containing PII, with the Court or divulge the contents of such materials in court filings, the filing should be made with appropriate redactions pursuant to LR IC 6-1 or under seal pursuant to the procedures set forth in LR IA 10-5.

      k.      The parties also agree that any PII produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

l.      Upon the final disposition of this case, any Protected Information, materials otherwise identified as containing PII, shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing PII to the government, or certify that such materials have been destroyed.

m.      In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information, materials otherwise identified as containing PII, may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become the defense team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, or certifying the destruction of all Protected Information and materials otherwise identified as containing PII.

///
///
///
///
///
///
///
///

9. Counsel for defendant has conferred with defendant regarding this stipulation and the proposed order, and defendant agrees to the terms of the proposed order.

                Respectfully submitted,

                For the United States:

CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853

_____/s/_____
STEVE MYHRE
CHRISTOPHER BURTON
Assistant United States Attorneys

For the defense:

_____/s/_____
RICHARD WRIGHT, ESQ.
Attorney for ANTONETTE HARRIS

CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar Number 14853
STEVE W. MYHRE
Nevada Bar Number 9635
CHRISTOPHER BURTON
Nevada Bar Number 12940
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Steve.Myhre@usdoj.gov
Christopher.burton4@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ANTONETTE HARRIS,<br><br>　　　　　　Defendant. | Case No. 2:21-cr-00322-JAD-EJY<br><br>**PROTECTIVE ORDER** |

　　　　The Court has read and considered the Stipulation for a Protective Order, filed by the parties in this matter, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

　　　　1.　　The discovery in this case contains the Personal Identifying Information ("PII") of real persons, including, among other things, personal names, addresses, Social Security numbers, bank account numbers, and other personal identification numbers.

　　　　2.　　If the government were to redact all personal identifying information, the discovery would be difficult to understand, and defense counsel would not be able to

adequately evaluate the case, advise their clients, or prepare for trial. In addition, the discovery in this case is voluminous, making it impractical to redact all PII from the discovery.

3. The Court finds it is appropriate, therefore, for the government to produce unredacted discovery that contains PII, pursuant to a Protective Order that preserves the privacy and security of third parties.

4. The Protective Order as requested by the parties will serve the government's interest in maintaining the privacy and security of third parties while permitting the defense to understand the government's evidence.

5. Accordingly, the discovery containing PII that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

   a. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or other personal identification number. The term "Protected Information" refers to materials containing PII (with the exception of defendant's own PII) that the government produces pursuant to the Protective Order.

   b. For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) defense investigators who are assisting defense counsel with this case, (3) retained experts or potential experts, (4) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case; and (5) defendant. The term "defense team" does not include defendant's family members or any other associates of defendant.

   c. Defendant's counsel of record agrees to advise all members of their defense team of their obligations under the Protective Order and ensure their agreement to

follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

      d.      The government is authorized to provide defendant's counsel of record with Protected Information marked, either physically or electronically: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

      e.      Anyone not on the defense team as defined above may review Protected Information in this case only in the presence of a member of the defense team. Those not on the defense team may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time. Those not on the defense team must return any Protected Information to the defense team at the conclusion of any meeting at which they are permitted to view the Protected Information. Those not on the defense team may not write down or memorialize any PII contained in the Protected Information. At the conclusion of any meeting with a person not on the defense team in which Protected Information is provided, the member(s) of the defense team present shall take with him or her all Protected Information.

      f.      The defense team shall not permit anyone other than the members of that defense team to have possession of Protected Information.

      g.      The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review Protected Information with a witness or potential witness in this case. Before being shown any portion of Protected Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No

witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

      h.     The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members to see Protected Information except as described in paragraph 5(e), (2) not divulging to anyone the contents of Protected Information except as described in paragraph 5(g) of this Order, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

      i.     To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information, respectively, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

      j.     The defense team shall use Protected Information, materials otherwise identified as containing PII, only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Protected Information, or materials otherwise identified as containing PII, with the Court or divulge the contents of such materials in court filings, the filing should be made with appropriate redactions pursuant to LR IC 6-1 or under seal pursuant to the procedures set forth in LR IA 10-5.

      k.     The parties also agree that any PII produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

l.  Upon the final disposition of this case, any Protected Information, materials otherwise identified as containing PII, shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing PII to the government, or certify that such materials have been destroyed.

m.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information, materials otherwise identified as containing PII, may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become the defense team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, or certifying the destruction of all Protected Information and materials otherwise identified as containing PII.

**IT IS SO ORDERED:**

_(signature)_
ELAYNA J. YOUCHAH
United States Magistrate Judge

February 8, 2022
Date